UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 25 P 3:02

US DISTRICT COURT
HARTFORD CT

KARL PAUL

v.

DEPARTMENT OF CORRECTION

PRISONER
Case No. 3:03CV428(AWT)

## RULING AND ORDER

The plaintiff, Karl Paul, is currently confined at the Brooklyn Correctional Institution in Brooklyn, Connecticut. He brings this civil rights action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. The plaintiff alleges that in October 2002, the Department of Correction improperly rejected three magazines that he had ordered in September 2002. He claims that the Department held the magazines for two weeks before reviewing and rejecting them. He alleges that these actions violated his First Amendment rights. For the reasons that follow, the complaint is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed *in forma pauperis* in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B)(i) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990)).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437. The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

2

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Cruz, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if

3

the plaintiff seeks monetary damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, the plaintiff must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

The plaintiff names the Department of Correction as the only defendant in his complaint. A Department of Correction, however, is not a "person" within the meaning of § 1983. See Santiago v. New York State Dep't of Correctional Servs., 725 F. Supp. 780, 783-84 (S.D.N.Y. 1989), rev'd on other grounds, 945 F.2d 25 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992) (holding that state and state agencies are not persons under § 1983); Grabow v. Southern State Corr. Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (holding that state correctional facility and Department of Correction were parts of state government protected from suit

4

under the Eleventh Amendment and consequently were not "persons" for purposes of § 1983); Richards v. New York Dep't of Corr. Servs., 572 F. Supp. 1168, 1172 (S.D.N.Y. 1983) (holding that Department of Correctional Services was an agency of the state and consequently was not a "person" subject to suit under §§ 1981, 1983, 1985); Sittig v. Illinois Dep't of Corr., 617 F. Supp. 1043 (N.D. Ill. 1985) (holding that Illinois Department of Correction and two of its facilities were not "persons" within the meaning of § 1983). Accordingly, there is no arguable legal basis for a § 1983 action against the Department of Correction, and the claims against the Department are being dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i).

When a prisoner plaintiff mistakenly names as defendant only the Department of Correction, the Second Circuit recommends that the district court afford that plaintiff an opportunity to amend his complaint to include the appropriate correctional officials. See Soto v. Brooklyn Correctional Facility, 80 F.3d 34 (2d Cir. 1996) (reversing and remanding to enable plaintiff to amend complaint to name appropriate defendants and determining that such amendment would relate back to date of filing of original complaint).

## CONCLUSION

Accordingly, the plaintiff's complaint is hereby DISMISSED without prejudice to the filing of an amended complaint by no

later than January 9, 2004, provided the plaintiff can identify individual defendants involved in the alleged violation of his constitutional rights. See 28 U.S.C. § 1915(e)(2)(B)(i). In view of the dismissal of the complaint the Motion for Appointment of Counsel [doc. # 4] is hereby DENIED.

The Clerk is directed to enter judgment in favor of the defendant and close this case. Should the plaintiff file an amended complaint as directed, the Clerk will reopen the file.

**SO ORDERED** this 24th day of November 2003, in Hartford, Connecticut.

_____
Alvin W. Thompson
United States District Judge