UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Karl Paul                           :
                                    :      Civil Case # 3:03CU428(AWT)
   v.                               :
                                    :
Department of Corrections           :
                                    :
                                    :

## AMENDED COMPLAINT

Pursuant to rule 15)a) of the F.R.C.P., this is an amended complaint filed under Title 42 USC Section 1983 to redress deprivation of rights under the color of state law of rights secured by the Eighth and Fourteenth Amendments to the United States Constitution.

### JURISDICTION

1. This action arose under and is brought purpuant to 42 USC 1983 to remedy the deprivation, under color of law, of the rights guaranteed by the Eight and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction to provide declaratory relif is conferred on this court by 28 USC 2201-2202, rule 57 of the Federal Rules of Civil Procedure.

3. Jurisdiction to provide injuctive relief is conferred on this court by 28 USC 1361 and rule 65 of the Federla Rules of Civil Procedures

4. The Plaintiff is acitizen of the United States of America and a resident of the State of Connecticut and at least 18 years of age. At all times relevant to this complaint, he was a Connecticut sentenced inmate under the care and custody of the Connecticut Department of Corrections. He is presntly incarcerated at Brooklyn Correctional Institution, Brooklyn, Connecticut.

5. Defendant Gary Bassett, mailroom supervisor at Brooklyn Correctional Institution, Dennis Jones, Director Security Division, and unnames members of the Deparment of Corrections Publications Review Committee, et. al., at all times relevant to this complaint, wereand are employees of the Departmentof COrrections and under the color Code of Law, are responsible for distribution of all posted mail, magazines and other publications, and all other operations relevant to the distribution of mailed items.

6. The Defendants, Gary Bassett, Dennis Jones, unnamed members of the Publication review committee, et. al., were at all times relevant to this complaint, responsible for administering, and overseeing the policies, practices and procedures of the Department of Corrections.

7. The Defendants, Gary Bassett, Dennis Jones, et. al, are being sued in their individual and official capacities.

## FACTS

8. Plaintiff was an inmate at Brooklyn C.I. under the care and control of the Department of Corrections.

9. The Plaintiff requested permission to order a specific magazine or magazines from the Department of Corrections.

10. The Defendants approved of Plaintiff's reuest for specific magazine or magazines. The Department of Corrections subsequently withdrew from Plaintiff's Inmate Trust Fund Account sufficient funds to pay in full the cost of theapproved magazines.

11. The Plaintiff had recieved in the past and for some time, "John Stagliano's Buttman" adult magazine, and that the approved subscription was a renewal.

12. That according to State of Connecticut, Department of Corrections Administrative Directive 10.7, magazines will only be prohibited if"...that show under age persons, beastiality, use of force or bondage."

13. As pro forma proof, Defendant allowed "Buttman Vol.3, No.4, June 2000" into the facility, delivered to Plaintiff.

14. That "Buttman, Vol.3, No.4, June 2000" contained photographs of penis-vaginal, penis-anal, penis oral penetration.

15. That Defendants knew of the content of the "Buttman" publication when they approvedPlaintiff's request for a sunscription renewal.

16. That Defendants, after approving Plaintiff's request for a subscription renewal, and removing funds from his Inmate Trust Fund account for said subscription, refused to allow

the magazine into the facility and to the Plaintiff.

## LEGA:L CLAIM

17. Pursuant to the facts in the complaint, the Defendants acts constitute deprivation and violation of Plaintiff's constitutional rights. Said acts and/or omissions were carried out in contradiction to the rules, regulations, customs, policies and practices by the Defendants in their capacity as employees of the Department of Corrections and that the names and unnamed Defendants, et. al., acting under color of state law, knowingly caused Plaintiff to be deprived of his Federal Constitutional rights and secured under Title 42 Section 1983.

## FIRST CAUSE )F ACTD N

18. Paragraphs 1-17 and reasserted and realleged as fully set forth herein.

19. Defendants failure to allow previously allowed publications to be distributed to Plaintiff after pre-approval of said subscription constitutes deliberate indiffernce to the rights of the Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution

## SECOND CAUSE OF ACTION

20. Paragraph 1-19 reasserted and realleged as fully set forth herein.

21. Defendants deprived Plaintiff of money or monies without due process in violation of the Eight and Fourteenth Amendments of the United States Constitution

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this court order a judgement granting him:

1. A declaratory judgement that the Defendants acts, policies, practices herein described and complained of violated Plaintiff's rights under the United States Constitution

2. A declaratory judgement that the defendants acted outside the scope of their duties and jurisdiction and purposely when they deprived the Plaintiff of his right to:
    a. recieve publications preapproved by the Department of Corrections.
    b. recievepublications prepaid by the Palintiff.
    c. Freedom from equal protection of the law.

3. Compensatory damages against each and every Defendant in their individual as well as official capacities in the amount equal to lost revenue by the Plaintiff.

4.  Punitive damages to be determined by this court.

5.  Such other and further relief that the court deems to be appropiate and just.

12-18-03
Date

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,

*Karl - Paul*
Karl Paul,            Pro Se
#257952
Brooklyn Correctional Institution
59 Hartford Road
Brooklyn, Connecticut 06234

CERTIFICATION

    This is to certify that a copy of the foregoing was mailed to allcounsel of record on this _____18_____ day of _December_ 2003.

Attorney_____
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut   06105

*Karl Paul 12-18-03*
Karl Paul,            Pro Se

AO 240 (Rev. 9/96)

# United States District Court

DISTRICT OF _____

**FILED**

2003 MAR -6 P 12: 47

_____ Plaintiff

V.

_____ Defendant

APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

US DISTRICT COURT
BRIDGEPORT CT

**PRISONER** CS

CASE NUMBER: 3:03 cv 428 (AWT)

I, **KARL - PAUL** _____ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant        ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?   ☒ Yes   ☐ No   (If "No" go to Part 2)

   If "Yes" state the place of your incarceration **Brooklyn Correctional Inst.**

   Are you employed at the institution? **yes**   Do you receive any payment from the institution? **yes**

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?   ☐ Yes   ☒ No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have your received any money from any of the following sources?

   a. Business, profession or other self-employment       ☐ Yes   ☒ No
   b. Rent payments, interest or dividends                ☐ Yes   ☒ No
   c. Pensions, annuities or life insurance payments      ☐ Yes   ☒ No
   d. Disability or workers compensation payments         ☐ Yes   ☒ No
   e. Gifts or inheritances                               ☐ Yes   ☒ No
   f. Any other sources                                   ☐ Yes   ☒ No

If the answer to any of the above is "Yes" describe each source of money and state the amount received and

Date: 5/7/2003

Holly B/Fitzsimmons, USMJ

FILED 2003 MAY -8 P 2: 07 US DISTRICT COURT BRIDGEPORT CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV 26 P 4:07

KARL PAUL

v.

DEPARTMENT OF CORRECTION

US DISTRICT COURT
HARTFORD CT

CASE NO. 3:03CV428 (AWT)

### JUDGMENT

This action came on for consideration of the plaintiff's complaint before the Honorable Alvin W. Thompson, United States District Judge.

The court considered the full record of the case including applicable principles of law, and filed a ruling dismissing the complaint without prejudice to the filing of an amended complaint no later than January 9, 2004, (provided the plaintiff can identify individual defendants involved in the alleged violation of his constitutional rights), and denied the motion for appointment of counsel.

Accordingly, it is ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered in favor of the defendant Department of Correction, and this case is dismissed. Should the plaintiff file an amended complaint by January 9, 2004, the clerk will reopen the file.

Dated at Hartford, Connecticut, this 26th day of November, 2003.

KEVIN F. ROWE, Clerk

By *Sandra Smith*
Sandra Smith
Deputy Clerk

EOD _____

1. name of mailroom supervisor
2. name of the person or persons reviewing magazines
3. WARDen's name
4. Commissioner's name