UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 AUG 12 A 9:01
U.S. DISTRICT COURT
HARTFORD, CT.

KARL PAUL

v.                                  Case No. 3:03CV428(AWT)
PRISONER

DEPARTMENT OF CORRECTION

### RULING AND ORDER

On November 25, 2003, the court issued a ruling dismissing the plaintiff's complaint without prejudice because the only named defendant, the Department of Correction, is not a person within the meaning of § 1983. The court permitted the plaintiff to file an amended complaint on or before January 9, 2004, provided he could identify individual defendants involved in the alleged violations of his constitutional rights.

The plaintiff filed his amended complaint on January 7, 2004. The caption of the amended complaint again lists the Department of Correction as the only defendant. The plaintiff claims that in October 2002, the Department of Correction improperly rejected three magazines that he had ordered in September 2002. He alleges that these actions violated his First Amendment rights. Because a Department of Correction is not a person under § 1983, the claims against the Department are not cognizable in a § 1983 action. See Santiago v. New York State Dep't of Correctional Servs., 725 F. Supp. 780, 783-84 (S.D.N.Y. 1989), rev'd on other grounds, 945 F.2d 25 (2d Cir. 1991), cert.

denied, 502 U.S. 1094 (1992) (holding that state and state agencies are not persons under § 1983); Richards v. New York Dep't of Corr. Servs., 572 F. Supp. 1168, 1172 (S.D.N.Y. 1983) (holding that Department of Correctional Services was an agency of the state and consequently was not a "person" subject to suit under §§ 1981, 1983, and 1985). Thus, the claims against the Department of Correction lack an arguable basis in law and are being dismissed. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2)(B)(i).

The plaintiff references two Department of Correction employees in the body of his amended complaint. On page two of the amended complaint, he names Gary Bassett, a Mailroom Supervisor, and Dennis Jones, the Director of the Security Division, as defendants. Rule 10(a) of the Federal Rules of Civil Procedure requires that all parties be listed in the caption of a complaint or amended complaint. Thus, the amended complaint is deficient.

If the plaintiff seeks to proceed against Gary Bassett and Dennis Jones, he must file a second amended complaint listing these individuals in the caption.

## Conclusion

Accordingly, the plaintiff's amended complaint is hereby DISMISSED. See 28 U.S.C. § 1915(e)(2)(B)(i). Any second amended complaint shall be filed within thirty days of the date

of this order. If the plaintiff fails to file a second amended complaint within the time specified, the Clerk shall enter judgment for the defendant and close this case.

The plaintiff's Motion for Appointment of Counsel [**doc. # 9**] is hereby **DENIED** without prejudice to renewal after the filing of the second amended complaint.

It is so ordered.

Dated this 11th day of August 2004, at Hartford, Connecticut.

                        Alvin W. Thompson
                    United States District Judge