UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
THIRD AMENDED
CIVIL RIGHTS COMPLAINT

FILED
2005 APR 29 P 2: 51
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Karl - Paul

257952
                    ,
    Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

v.                                              Case No. 3:03cv428 (AWT)

Gary - Bassett, Mailroom clerk.

Dennis - Jones, Direct Security Division.

Peter - Matos, Deputy Commissioner.

Beth - Jankowski, Counselor.

                    Defendant(s).
(Full name(s) and capacity, *e.g.*, official capacity, individual capacity,
or official and individual capacitites) (Do not use *et al.*)

### A. PARTIES

1. The plaintiff  Karl - Paul  is a citizen of  The United States  who
       (Plaintiff)                                    (State)
presently resides at  59 Hartford Road, Brooklyn, CT. 06234 .
                    (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 257952 .

2. Defendant  Gary - Bassett  is a citizen of  United States
        (name of first defendant)                    (State)

whose address is  59 Hartford Road , Brooklyn, CT. 06234 ,

and who is employed as  Brooklyn Correctional Institution  Mailroom Clerk .

(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ____No. If your answer is "Yes," briefly explain:

I've went through the proper channel to order these magazines and they approved these magazines and withdraw the money out of my account for these magazines.

3. Defendant <u>Dennis - Jones</u> is a citizen of <u>United States</u>
   (name of second defendant)                                (State)

whose address is <u>24 Wolcott Hill Road , Wethersfield, CT. 06109</u>

and who is employed as <u>Director Security Division</u>.
                       (title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ____No. If your answer is "Yes," briefly explain:

I've order these magazines before in the past with no problem and now without no changes made to the Administrative Directive 10.7 they just say no
(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

    __X__    42 U.S.C. § 1983 (applies to state prisoners)

    ____    **_Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics_**, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. I have been order these magazines before in the past with no problem.As in matter fact I do have some of the same magazines in my posession right now.I went through the Counselor Office Mrs. Beth Jankowski to get them approve and once these magazines was approved, I fill out a money withdraw slip in oder to take the money out of my account and send it to the publishing company. Within 6 days my magazines arrived here and they hold it.I've wrote to the property room and they told me that I should write to the mailroom and I did.I did get a response from the mailroom and he told me that these magazines has been held for a review.They've held my magazines for a month and half and then decided no ,I couldn't have them.They sent me a note saying that my magazines have been rejected and I appeal it only to get another note saying that these magazines was send back to the company.Later on I find out that these magazines was never return to the company and they kept them in the Warden Office.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** I would really like them to reverse that idea and bring back the magazines since they allow skin magazines in anyways .I really can't see what is the big deal about these magazines.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) I had Inmates Legal assistance and the Ombudsman help me out with this one and we wrote several letters to the Deputy Commissioner Peter - Matos to see if we could reason with him,but no luck. The OMbudsman even pointed the fact that there hasn't been any changes made in the Administrative Directive 10.7 and he kept trying to rectified that fact and the date of this letter that I have in my hand right now stated 01-23-03 The Ombudsman name was Mr. Leonard W. Engle.I am pretty sure they all got record of that.

**Claim II:** In the future,if they do decide to do something like this again I

3

would really appreciated it if they would put up some type of notice on the board or something.

**Supporting Facts:** I mean there was no type of warning or nothing, they just decide today is the day we going to stop them from getting these magazines. I really don't think that it's fair for us that actually spending our money to these company. I know that if they were the one sending their money out like that they would think twice about doing things like that.

As for them claiming that these magazines pose a threat to the security of the staff working in this environment which is a load of crock because not too long ago they had Inmates watching pornographic movies at Somers Correct. Inst. and now all of the sudden it's a threat.

**Claim III:** Since these Defendants havedeprive and violate my constitutional rights .I did everything according to rules and regulations,but still I was step on because to them we Inmates don't have no rights.

**Supporting Facts:** You know it's very often you've seen these cases in these type of environments. They feel like since they're only Inmates, so what they're going to do. But you have to understand that every once in a while there will be an Inmate like me who will take them all the way and that is exactly what I intend to do.

I need to get compensated for the fact that these Defedants just disregard my right as a human being and they've decided to violated my constitutional rights and I do believe that they should pay for that just like when someone like me broke the law we have to pay, so should they!

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
   ____Yes __x__No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

   Plaintiff(s):_____

   Defendant(s):_____

   b. Name and location of court and docket number_____

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
   _____

   d. Issues raised: _____
   _____

   e. Approximate date of filing lawsuit:_____

   f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.   _x_ Yes ____No.

   If your answer is "Yes," briefly describe how relief was sought and the results. I first begin with send in a request form and when I received the response then I filed a grevance level one and when the level one was denied then I filed a level two and when the level two grevance was denied and the Warden himself wrote me back told me that I couldn't file a level three grevance that was when I decide to file a lawsuit. You do have all that with the first package that I sent in, you should have the request form and the grevances also in the first package that I sent you.

3. I have exhausted available administrative remedies.   _X_ Yes ____ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.
   I wrote a request form to the mailman and when I got the response then I file a level one grevance . When that was denied then I file a level two grevance .When the level two grevance was denied then I receive a note from the Warden said that I couldn't file a level three grevance and that was when I've decided to file a lawsuit. I am pretty sure that you do have all this on file because I've sent everything to you in that first package that I sent you.

5

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
   If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

   b. Name and location of court and docket number _____

   c. Grounds for dismissal:  ( ) frivolous  ( ) malicious  ( ) failure to state a claim upon which relief may be granted.

   d. Approximate date of filing lawsuit:_____

   e. Approximate date of disposition: _____


2. Are you in imminent danger of serious physical injury? ____ Yes ____ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

## G. REQUEST FOR RELIEF

I request the following relief:

6

## H. JURY DEMAND

Do you wish to have a jury trial?  Yes __x__  No _____

_____          *Karl-Pavel*
Original signature of attorney (if any)     **Plaintiff's Original Signature**

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

    The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Brooklyn Correct. Inst.__ on __03-27-05__ .
             (location)            (date)

                                  *Karl-Pavel*
                         **Plaintiff's Original Signature**

7

**CONNECTICUT CORRECTIONAL OMBUDSMAN**
110 Bartholomew Avenue, Suite 4010, Hartford, CT 06106
860.951.8867   Fax 860.951.8872

James R. Bookwalter
*Ombudsman*

James C. Amis
Leonard W. Engel
*Assistant Ombudsmen*

## MEMORANDUM

TO:       Deputy Commissioner Peter Matos
          Department of Correction

FROM:     Leonard W. Engel
          Assistant Ombudsman

DATE:     January 23, 2003

SUBJ:     Publication Review and Rejection Procedures

This memo is a follow-up to your response dated January 3, 2003, to my December 19, 2002, memo regarding the denial of certain publications.

In response to my question about the information communicated when a publication is denied, you state, "if the publication was not rejected in its entirety, the notice to the publisher and inmates specifies which pages of the publication have been removed and states the reason for the rejection." Is the notification procedure different if a publication is rejected in its entirety?

Section (c), Notice of Rejection, of State Regulation 18-81-39, Incoming Publications and Materials, reads "Where a publication is found unacceptable, the Unit Administrator shall promptly advise the inmate in writing of the decision and the reasons for it. The notice must contain reference to the specific article(s) or material(s) considered objectionable and deemed to pose a threat or detriment to the security, good order or discipline of the facility or to encourage or instruct criminal activity..." Regardless of whether an entire publication is rejected or a portion of a publication is rejected the regulation requires specific notice of the objectionable portions of the publication.

Among the complaints the Ombudsman has received regarding the denial of publication is the claim that inmates are not provided specific information about the rejected material. The complainants allege that the Department only provides them with a list of rejected publications and only after an appeal will the inmate receive a letter explaining that the basis for the denial is that the magazine contains "sexually explicit material which by its nature or content poses a threat to the security, good order, or discipline of the facility or facilitates criminal activity."

*******************

DISCLAIMER: The opinions stated herein are expressed solely for the purpose of presenting a non-binding recommendation by the ombudsman's office concerning the subject matter of this letter. These opinions should not be construed as statements of legal advice. The office of the ombudsman does not have authority to provide legal advice to DoC staff or to inmates.

The Ombudsman has been provided copies of rejection letters that inmates have received and none of them contain the type of specificity required by the state regulation. There is no reference to what material is deemed to pose a threat to the security, good order, or discipline of the facility. The only information in the notices is the citation of the standard under which the publications are reviewed. There is no reference to what material or content actually triggers the denial. This notification does not meet the standard of the regulation because it does not "contain reference to the specific article(s) or material(s) considered objectionable." The inmate should, 1) be informed at the point of rejection of the basis for the rejection and 2) the rejection should state specifically what the objectionable content is. The absence of such specificity inhibits the inmate from appealing the denial and does not comply with the state regulation.

Regarding the last question in my memo that was insufficiently clear, I sought to determine whether the Department considered all pornography to be sexually explicit and whether all sexually explicit material was considered a threat to the security of the institution. The state regulation has two tiers of objectionable material. The first is the non-discretionary tier, which prohibits sexually explicit material of the following types: sado-masochistic, bestiality, involving children, or depicting forcible or nonconsensual sexual activity. The second tier is discretionary and allows the Department to reject sexually explicit material "which by its nature or content poses a threat to the security, good order, or discipline of the facility or facilitates criminal activity." Sexually explicit material may be rejected if the nature or content of the material poses a threat to the security of the facility.

The question arose because the inmates claim that virtually all publications that contain pornographic material are now being rejected. Publications that contain material that was approved last year are now being rejected under the "sexually explicit" standard although the content of the publications has not changed. The inmates believe that the Department's unwritten policy is that all sexually explicit material is a threat to the security of the institution and that all pornography is sexually explicit thereby permitting the rejection of all pornography as a threat to the security of the institution.

Could you let me know whether all types of pornography are now considered sexually explicit and whether the Department's position is that all sexually explicit material is a threat to the institution? Is pornography, of itself, considered a threat to the security of the institution? If not is any publication that contains basic pornography, ie., Playboy and Penthouse, allowed into the institutions after a review?

Your letter intimated prospective new criteria related to the effect incoming publications have on the "work environment" for employees and inmates. Currently the state regulation does not allow the reviewing agent to consider such criteria or reject a publication on this basis.

I appreciate your attention to this matter and look forward to hearing from you.

Sincerely,

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601/2
Rev 10/07/02

| | |
|---|---|
| Inmate Name: KARL - PAUL | Inmate no. 257952 |
| Facility: BROOKLYN C.I. | Housing unit: B-1B | Date: 12-05-02 |

[X] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

IGP no. 128-03-027          T no.

Use this form to appeal a Level 1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

**Appeal.** I am appealing the Level 1 decision because: I find out my magazines was rejected for a reason which is not nowhere in the administrative directive 10.7 and it's been two weeks since they were denied I haven't hear nothing from no one. I simply want what is mine.

Inmate signature: Karl-Paul          Date: 12-05-02

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

Date received: 01/03/03     Disposition: Denied     Date of disposition: 1/4/03

**Reasons:** You are appealing a grievance denial for magazines. Warden Marcial answered your grievance appropriately. On 12/04/02 Warden Marcial denied your magazines due to its sexually explicit material, which by nature or content poses a threat to the security, well order or discipline of the facility or facilitates criminal activity. Sexually explicit material of the following types is to be excluded: (A) sado-masochistic; (B) bestiality; (C) involving children; (D) materials depicting sexual activity which involves use of force without the consent of one or more parties. Your grievance was thoroughly investigated. Your grievance appeal is denied.

Level 2 reviewer: [signature]

[ ] This grievance may be appealed within 5 days to Level 3
[X] This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

**Appeal.** I am appealing the Level 2 decision because:

Inmate signature: Karl-Paul          Date: 12-05-02

Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|
| | | |

Reasons:

Level 3 reviewer:

*01/03/03*                              *Denied*

    *You are appealing a grievance denial for magazines. Warden Marcial answered your grievance appropriately. On 12/04/02 Warden Marcial denied your magazines due to its sexually explicit material, which by nature or content poses a threat to the security, well order or discipline of the facility or facilitates criminal activity. Sexually explicit material of the following types is to be excluded: (A) sado-masochistic; (B) bestiality; (C) involving children; (D) materials depicting sexual activity which involves use of force without the consent of one or more parties. Your grievance was thoroughly investigated. Your grievance appeal is denied.*

# Inmate Grievance Form A Level 1
## Connecticut Department of Correction

CN 9601
1-14-04

| | |
|---|---|
| Inmate name: KARL – PAUL | Inmate no. 257952 |
| Housing location: BROOKLYN CORRECT. INST. | Date 11-05-02 |

[X] Line grievance [ ] Line emergency [ ] Health service grievance [ ] Health emergency

P no. _____ T no. _____

**Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached:

**Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use one 8-1/2-by-11-inch sheet of paper and attach to this form.) I am grieving the fact that my magazines are being held indefinately and unjustly by the review board since my three magazines were ordered and arrived at this facility (BCI) prior to any notification or posted memo stating that certain magazines would be held for review. I purchased my magazines on the 9-25-02. There was nothing posted on the board about magazines which are

**Action requested.** Describe what action you want taken to remedy the grievance. I would like all of my magazines that are being held by the review board sent to me.

Inmate signature: Karl – Paul

Remember: Your grievance must be filed within 30 days of the cause of the grievance or within 30 days of the date you became aware of the cause. You may appeal this decision within 5 days. Use Inmate Grievance Form B.

---

**FOR OFFICIAL USE ONLY**
**LEVEL 1 REVIEW**

128-03-022

| Date received 11-14-02 | Disposition: DENIED | Date of disposition 12/3/02 |

Grievance issue: Magazines

Reasons: Magazines cannot be released until Publications Review Committee approves them.

## *Publication Rejection Notice*

**Inmate Name**        Paul, Karl/B19E           **Number:**         #257952

**Facility:**          Brooklyn CI               **Date:**           12/04/02

**Name of Publication:**  Buttman – Volume 5 Number 2    **Date of Issue:**
                          Buttman – Volume 4 Number 4
                          Video View (no issue Number Listed)

In accordance with Section 18-82-39 of the Regulations of State Agencies, incoming materials which adversely affect a valid penological interest may be rejected. This notice must be sent to both the inmate and the publisher or sender. This rejection is appealable by the inmate or the publisher to the Commissioner or his designee within fifteen (15) days of receipt of this rejection notice.0

**Reason for Rejection of Issue:**

☐   It depicts or describes procedures for the construction or use of weapons, ammunition, bombs or incendiary devices;

☐   It depicts, encourages or describes methods of escape from correctional facilities or contains blueprints, drawings or similar descriptions of the Department of Correction's facilities;

☐   It depicts or describes procedures for the brewing of alcoholic beverages or the manufacture of drugs;

☐   It is written in code;

☐   It depicts, describes or encourages activities which may lead to the use of physical violence or group disruption.

☐   It encourages or instructs in the commission of criminal activity;

■   It is sexually explicit material, which by its nature or content poses a threat to the security, well order or discipline of the facility or facilitates criminal activity. A Unit Administrator shall determine that sexually explicit material of the following types is to be excluded:
(A) sado-masochistic; (B) bestiality; (C) involving children; (D) materials depicting sexual activity which involves use of force without the consent of one or more parties.

●   Other:

Unit Administrator: _[signature]_           Date: 12/04/02

Inmate's Signature: _____           Date: _____

*\*You have the right to appeal this decision to Director Vincent Santopietro within fifteen (15) days of receipt of this notice.*

Cc:   Mailroom
      Inmate



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
24 WOLCOTT HILL ROAD
WETHERSFIELD, CONNECTICUT 06109

January 2, 2003

Karl Paul
#257952
Brooklyn CI
59 Hartford Road
Brooklyn, CT 06234

Dear Mr. Paul:

Upon review of the publication(s) you are appealing, it has been determined that the Vol. 4, No 4. and Vol. 5, No. 2 issues of Buttman Magazine and Video View (no issue # listed) Magazine has sexually explicit material which by its nature or content poses a threat to the security, good order, or discipline of the facility or facilitates criminal activity. Therefore, this rejection is upheld.

In accordance with Administrative Directive 9.6, Inmate Grievances, Publication Review Committee decisions may not be grieved. Therefore, the rejection disposition of this particular appeal serves as the exhaustion of your administrative remedy. Based on the rejection, the above issues of Buttman and Video View will be returned to the publisher.

Sincerely,

Vincent Santopietro
Director of Security

VS/dac

cc:   Commissioner Armstrong
      Deputy Commissioner Matos
      Director Huckabey
      Warden Marcial
      Lt. Angelakpoulos

*An Equal Opportunity Employer*

CN9602
7-2000



# CONNECTICUT DEPARTMENT OF CORRECTION
## BROOKLYN CORRECTIONAL INSTITUTION
## INMATE REQUEST FORM

**INMATE NAME:** Kribl – Paul   **NUMBER:** 257952   **UNIT:** B-1B

**REQUEST ADDRESSED TO:** Mr Rinen   **DATE:** 10-22-02

**REQUEST:**

_(CONTINUE ON BACK IF NECESSARY)_

**PREVIOUS ACTION TAKEN:**

**SUBMITTED TO:**   **DATE:**

**ACTED ON BY:**

**ACTION TAKEN AND/OR RESPONSE:** Can I please get up-dated 10.7 directives. My magazines were approved before the new committee in Wethersfield. Please see me.

Turns out that the up-dated directives have not come out yet. Until they do, inmates get notified of changes by memos (example enclosed). These are as good as changed directives because they are sent by those appointed by the Commissioner. The Commissioner makes directives

**STAFF SIGNATURE:**   **DATE:** 10/23/02

CN9602
7-2000



# CONNECTICUT DEPARTMENT OF CORRECTION
## BROOKLYN CORRECTIONAL INSTITUTION
## INMATE REQUEST FORM

RECEIVED MAJOR'S OFFICE
OCT 22 2002
BROOKLYN CORRECTIONAL INSTITUTION

**INMATE NAME:** _____ **NUMBER:** _____ **UNIT:** ____

**REQUEST ADDRESSED TO:** Major _____ **DATE:** 10-22-02

**REQUEST:** I would simply like to remind you that when they decide to put that memo on the board, my magazines was already shipped and order and was send here from "Paper Wings L.t.d." If I did see that memo before I would not waste $34 for something I can't have. So please I need your help please.

Thank you in advance. (CONTINUE ON BACK IF NECESSARY)

**PREVIOUS ACTION TAKEN:**

**SUBMITTED TO:** Major Martin **DATE:** 10-22-02

**ACTED ON BY:** Major Martin

**ACTION TAKEN AND/OR RESPONSE:** As was explained to you by the Lt/s on 10-21-02 your magazines are here, but per Direction of the Commissioning Office, must be reviewed based on its contents. I would ask that you be patient with these new changes, and when a decision is resolved you will be notified.

**STAFF SIGNATURE:** _____ **DATE:** 10-28-02