UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KARL PAUL

                                      PRISONER
   V.                  CASE NO. 3:03CV428 (AWT) (DFM)

WILLIAM FANEUFF, ET AL.

**<u>RULING ON PENDING MOTIONS</u>**

    Pending before the court are two motions for appointment of counsel and a motion for extension of time filed by the plaintiff. For the reasons set forth below, the motions are denied.

    The plaintiff seeks the appointment of *pro bono* counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. <u>See</u> <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert.</u> <u>denied</u>, 502 U.S. 996 (1991). The plaintiff asserts that he sent letters to fifteen attorneys seeking representation. Attached to the first motion are letters sent to fourteen attorneys and two responses to those letters declining plaintiff's requests for representation. The plaintiff has made sufficient efforts to find *pro bono* counsel on his own. The plaintiff does not indicate, however, that he contacted the Inmates' Legal Assistance Program regarding any assistance he might require to file or respond to motions or conduct discovery. Accordingly, plaintiff's Motions for Appointment of Counsel

[**docs. ## 25, 32**] are **DENIED** without prejudice.  Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program.  The summary of attempts should include the reasons why assistance was unavailable.

The plaintiff also seeks an extension of time to find an attorney to assist him in filing a motion "on why I think the Court should not dismiss my lawsuit."  Mot. Ext. Time at 1.  Pursuant to the court's scheduling order and the Federal Rules of Civil Procedure, the plaintiff is not required to file such a motion.  Accordingly, the plaintiff's Motion for Extension of Time **[doc. # 30]** is unnecessary and is **DENIED**.  If the plaintiff can present evidence in support of his claims demonstrating that there are no genuine issues of material fact in dispute and that he is entitled to judgment as a matter of law, he may file a motion for summary judgment pursuant to Rule 56(c), Fed. R. Civ. P.  Any motions for summary judgment may be filed on or before October 16, 2006.

SO ORDERED at Hartford, Connecticut, this 29th day of June, 2006.

/s/ Donna F. Martinez

Donna F. Martinez
United States Magistrate Judge