UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KARL PAUL

      V.

WILLIAM FANEUFF, ET AL.

PRISONER
CASE NO. 3:03CV428 (AWT) (DFM)

## RULING ON PENDING MOTIONS

Pending before the court are plaintiff's motions for settlement conference and for appointment of counsel. In view of the fact that the deadlines in the court's scheduling order have expired, the plaintiff asks the court to schedule a settlement conference. The Motion for Settlement Conference [**doc. # 35**] is hereby **GRANTED**.

The plaintiff also seeks the appointment of *pro bono* counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff asserts that he is about to be released from Department of Correction custody and that once he is released, the Inmates' Legal Assistance Program will not be able to assist him. The plaintiff lists his address as Osborn Correctional Institution in Somers, Connecticut. Because the plaintiff has not yet been released from Department of Correction


UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KARL PAUL

    V.

WILLIAM FANEUFF, ET AL.

PRISONER
CASE NO. 3:03CV428 (AWT) (DFM)

## RULING ON PENDING MOTIONS

Pending before the court are plaintiff's motions for settlement conference and for appointment of counsel. In view of the fact that the deadlines in the court's scheduling order have expired, the plaintiff asks the court to schedule a settlement conference. The Motion for Settlement Conference [**doc. # 35**] is hereby **GRANTED**.

The plaintiff also seeks the appointment of *pro bono* counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff asserts that he is about to be released from Department of Correction custody and that once he is released, the Inmates' Legal Assistance Program will not be able to assist him. The plaintiff lists his address as Osborn Correctional Institution in Somers, Connecticut. Because the plaintiff has not yet been released from Department of Correction

custody, the plaintiff's motion is premature. However, the court will appoint counsel for the limited purpose of representing the plaintiff at the settlement conference. The Motion for Appointment of Counsel [**doc. # 34**] is hereby **GRANTED** in part and **DENIED** without prejudice in part.

It is so ordered.

Dated this 10th day of January 2007 at Hartford Connecticut.

                                           Alvin W. Thompson
                                   United States District Judge